UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA RODRIGUEZ<br><br>Plaintiff,<br><br>v.<br><br>HOMERE BRETON, et al,<br><br>Defendants. | Civil Action No. 19-5842 (CCC)<br><br>OPINION AND ORDER |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Maria Rodriguez for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [ECF No. 3]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 3] is **DENIED**.

On February 14, 2019, Plaintiff initiated this action by filing her Complaint against Defendants Homere Breton and Gerald Samuels. ECF No. 1. Unlike most actions instituted by *pro se* litigants in this district, Plaintiff did not seek permission to proceed *in forma pauperis* in this action. Rather, Plaintiff paid the requisite four hundred dollar filing fee and was subsequently issued a summons by the Clerk of Court. *See* ECF No. 2. In the Complaint, Plaintiff alleges violations of the Fourth, Fifth, and Sixth Amendment of the U.S. Constitution. *See* ECF No. 1 at 3. Although Plaintiff's Complaint does contain a short and plain statement, it is not clear what actions gave rise to Plaintiff's claims. Plaintiff demands $2,000,000.00 in damages. *Id*. at 5.

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step

1

analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses; and
(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

2

Plaintiff's *pro bono* application is wholly inappropriate and fails to address the *Tabron* factors. In support of her request for *pro bono* counsel, Plaintiff explains that she is unable to attain an attorney because "everybody seems to be busy helping the illegals in the USA." ECF No. 3 at 3. Plaintiff also explains that she needs a lawyer to represent her because "the employers working with [her] are illegal by the law of USA." *Id*. While Plaintiff's political commentary may be appropriate in another forum, in this district such comments are irrelevant and have absolutely no bearing on the Court's determination of whether to grant or deny *pro bono* counsel. An important factor the Court does consider is Plaintiff's ability to afford her own counsel. As noted above, Plaintiff paid the required four hundred dollar filing fee to initiate this action. Unlike most *pro se* litigants who file cases in this district, Plaintiff did not seek permission to proceed *in forma pauperis*. Although Plaintiff's ability to pay the Court filing fee may not be an accurate reflection of her finances, absent any additional evidence to the contrary, it appears that Plaintiff has the ability to attain and afford counsel on her own.

While the Court understands Plaintiff's desire to have the Court appoint counsel, the Court notes that the appointment of counsel is a privilege and not a statutory or constitutional right in a civil action. *Brightwell*, 637 F.3d at 192. The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the appointment of counsel is not warranted. In the event that Plaintiff renews her application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause

shown;

**IT IS** on this 17th day of June, 2019,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 3] is **DENIED WITHOUT PREJUDICE**.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**