UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA RODRIGUEZ, | Civil Action No. 19-5842 (CCC) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| HOMERE BRETON, et al. | |
| Defendants. | |

### CLARK, Magistrate Judge

This matter has been opened by the Court *sua sponte* based upon the failure of Plaintiff Maria Rodriguez ("Plaintiff") to file a single fourth amended complaint and based upon the fact that, since being directed to file a single fourth amended complaint, Plaintiff has instead filed numerous amended complaints and numerous exhibits [*See* Dkt. Nos. 74, 79, 81, 82, 83, 88, 93, 96], all of which are difficult to understand and thus in violation of Fed. R. Civ. P. 8(a). For the reasons that follow, it is respectfully recommended that this action be dismissed.

### BACKGROUND

Plaintiff, proceeding *pro se*, commenced this action on or about February 14, 2019 against defendants Homere Breton and Gerald Samuels. *See* Dkt. No. 1. On July 18, 2019, Defendants Breton and Samuels filed a motion to dismiss. Dkt. No. 21. Prior to the Court reaching a decision on the motion to dismiss, Plaintiff filed an Amended Complaint on December 23, 2019, solely alleging claims against different defendants, Bernard Mercado, Eugene Liss, and Keith Barton Bernard. Dkt. No. 52. Plaintiff additionally filed numerous letters and two new complaints against different defendants [Dkt. Nos. 60, 61], all without leave of the Court.

On February 27, 2020, the Court denied the motion to dismiss filed by Defendants Breton

1

and Samuels as moot and granted Plaintiff leave to file a fourth amended complaint within thirty (30) days. Dkt. No. 62. Specifically, the Court ordered that Plaintiff's fourth amended complaint (i) include a short and plain statement of all the facts upon which her claims are based and why she is entitled to relief and (ii) tell the Court why it has subject matter jurisdiction over the case. *Id.* at p. 2. Furthermore, the Court noted that "any further piecemeal supplements or amendments submitted without compliance with this Order will not be considered by this Court" and that if Plaintiff failed to file a single operative pleading "the Court may dismiss this case with prejudice . . . ." *Id.*

Thereafter, Plaintiff filed at least four separate complaints [Dkt. Nos. 64, 65]. On March 6, 2020, the Court again directed Plaintiff to submit a single fourth amended complaint by March 28, 2020 that complied with the Court's February 27, 2020 Order. Dkt. No. 70. Plaintiff instead filed numerous amended complaints and numerous exhibits [*See* Dkt. Nos. 74, 79, 81, 82, 83, 88, 93, 96]. On August 21, 2020, the Court issued an order to show cause ("OTSC") why Plaintiff's complaints should not be recommended for dismissal for violating Fed. R. Civ. P. 8(a). Dkt. No. 97. The OTSC required Plaintiff to submit in writing why her complaints should not be recommended for dismissal by September 18, 2020. *Id.*

The Court received two submissions from Plaintiff before the deadline of September 18, 2020. Dkt. Nos. 98, 99.

## **ANALYSIS**

Rule 8 requires that a pleading state, at a minimum, "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed.

2

R. Civ. P. 8(a)(1)-(2), (d)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action because of a plaintiff's failure to comply with Rule 8. *See* Fed. R. Civ. P. 41(b). The Court "may sua sponte dismiss a complaint for failure to comply with Rule 8; dismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Muhammad v. U.S. States Bd. of Governors Postal System*, 574 Fed. App'x 74 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). *See also Tucker v. Sec'y U.S. Dep't of Health & Human Servs.*, 645 F. App'x 136, 137 (3d Cir. 2016).

Upon review of Plaintiff's submissions, Plaintiff has failed to show cause in accordance with this Court's Order as to why the complaints should not be dismissed. Plaintiff's submissions are difficult to understand, confusing, and largely unintelligible. The submissions fail to set forth a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement of the claim showing the pleader is entitled to relief. Moreover, the Plaintiff has repeatedly demonstrated no inclination to correct or even to explain these shortcomings. Accordingly, it is respectfully recommended Plaintiff's action be dismissed.

## CONCLUSION

The Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this **7th** day of **October, 2020**,

**RECOMMENDED** that Plaintiff's action be DISMISSED pursuant to Fed.R.Civ.P. 41(b); and it is

**ORDERED** that the Clerk of the Court shall serve a copy of this Order by regular mail to Plaintiff.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

                                                              s/James B. Clark, III  
                                                             **HONORABLE JAMES B. CLARK, III**  
                                                             **UNITED STATES MAGISTRATE JUDGE**