NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA RODRIGUEZ, | Civil Action No.: 19-5842 (CCC) |
| Plaintiff, | |
| v. | **ORDER** |
| HOMERE BRETON et al., | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court by way of Magistrate Judge James B. Clark III's *sua sponte* Report and Recommendation ("R&R") recommending that plaintiff Maria Rodriguez's ("Plaintiff") action be dismissed for repeated failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 8 and 41. ECF No. 101. Judge Clark entered the R&R on October 7, 2020 (*id.*), and Plaintiff appears to have filed an objection on October 13, 2020 (ECF No. 102). Since Judge Clark's recommendation, Plaintiff has made additional submissions to the Court. ECF Nos. 103–111. It appearing that:

1. This case arises out of an employment dispute. While Plaintiff's allegations made in various documents (*see, e.g.*, ECF Nos. 1, 49-1, 52, 60, 61, 74, 83, 88, 109, 111) are difficult to discern, submissions made by Defendants indicate that Plaintiff was a teacher in the Newark Public School system, who was placed on unpaid administrative leave and ultimately terminated. ECF No. 21-1 at 1–2; ECF No. 63-2 at 1. Plaintiff now appears to seek back pay in the amount of approximately $179,000 and other damages in the amount of $5 million. ECF No. 109.

2. Plaintiff, proceeding *pro se*, commenced this action on February 14, 2019. ECF No. 1. Thereafter, on July 18, 2019, Defendants Homere Breton and Gerald Samuels filed a motion to dismiss. ECF No. 21. It does not appear that Plaintiff directly opposed the motion, but instead submitted a series of letters to the Court. ECF Nos. 25-51. On December 23, 2019, Plaintiff filed an amended complaint, alleging claims against new defendants Bernard Mercado, Eugene Liss, and Keith Barton. ECF No. 52. Following this amended complaint, Plaintiff continued to send letters to the Court, and filed two additional complaints. ECF Nos. 53–57, 59–61.

3. On February 27, 2020, the Court denied Defendant Breton and Samuels's motion to dismiss as moot, and granted Plaintiff leave to file a single fourth amended complaint, which was to include a short and plain statement of fact upon which her claims were based and facts demonstrating why the Court had jurisdiction over this matter. ECF No. 62. In the order, the Court warned that it would not consider "any further piecemeal supplements or amendments submitted without compliance with this order."[1] *Id.*

4. Since the Court entered its February 27, 2020 order, Plaintiff has continued to file numerous complaints and letters. ECF Nos. 64–65, 74, 79, 81–83, 88, 93, 96. On August 21, 2020, Judge Clark entered an order to show cause why Plaintiff's complaints should not be recommended for dismissal for violating Fed. R. Civ. P. 8. ECF No. 97. Plaintiff responded to this order via letters asserting additional

---

[1] After the Court issued this order, Defendant Eugene Liss filed a motion to dismiss Plaintiff's action for lack of jurisdiction. ECF No. 63. On March 6, 2020, Judge Clark administratively terminated the motion as moot, as Plaintiff had been afforded leave to file a single fourth amended complaint. ECF No. 70.

allegations against the Defendants, but did not address the order to show cause. ECF Nos. 98–100. Judge Clark's R&R followed on October 7, 2020. ECF No. 101.

5. In the R&R, Judge Clark recommended that Plaintiff's action be dismissed, pursuant to Fed. R. Civ. P. 8 and 41. Specifically, he noted that Plaintiff did not respond to the order to show cause, and that Plaintiff's submissions were "difficult to understand, confusing, and largely unintelligible." ECF No. 101 at 3. As a result, Judge Clark determined that Plaintiff failed to provide the Court with a plain statement of fact demonstrating that it has jurisdiction and that she is entitled to relief. *Id.* Moreover, Judge Clark found that Plaintiff "repeatedly demonstrated no inclination to correct or even explain these shortcomings." *Id.*

6. Plaintiff appears to have filed a timely objection to the R&R on October 13, 2020. ECF No. 102. In her objection, Plaintiff challenges Judge Clark's finding that her previous filings were difficult to understand. She claims "[t]o file a single fourth amended complaint, all were easy to understand but very hard to chew and even harder to digest due to lack of function toilet evidence that was replaced by the 'nothing was found', certified of natural cause." *Id.* at 1. Plaintiff goes on to make allegations against Defendant Breton, and concludes that these claims "satisf[y] the request for another single fourth amended complaint; charges are sustained." *Id.* at 2. In addition to her objection to the R&R, Plaintiff submitted a stream of letters on seemingly unrelated issues (ECF No. 103–111) ("The band of thieves of the secret independent room of Homere Breton is conducting Independent actions against the teachers, political upheaval masqueraded into a New Jersey Law, when there is no law in N.J. other than the Preamble of the Constitution and its Bill of Rights.");

3

    ("[Defendants]" are illegally given payroll to these type of people when they are against the Civil Law, only to take its rights and privilege an ex. is Former V.P. Biden . . . ."); ("Related to theft identity Xfinity can't explain to me why I am having a "your bill at a glance" under Unit B and another with floor 2, today.").

7. When a Magistrate Judge issues an R&R concerning issues considered to be dispositive, such as dismissing an action, the district court must make a *de novo* determination of those portions of the Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). A Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987). The Court accepts the entirety of the R&R upon *de novo* review of Plaintiff's pleadings.

8. Pursuant to Fed. R. Civ. P. 8, a plaintiff must provide a "short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Here, Plaintiff has not met her burden under Rule 8.

9. Plaintiff has not provided the Court with a short and plain statement of fact explaining the basis for relief against any of the named Defendants. Further, she has not established that this Court has jurisdiction over Plaintiff's claims. Indeed, the Court finds Plaintiff's voluminous submissions difficult to decipher. Accordingly, Plaintiff's pleadings do not satisfy Rule 8. *See Rhett v. N.J. St. Super. Ct.*, No. 07-cv-2303, 2007 WL 1791264, at *3 (D.N.J. Jun. 19, 2007).

10. Moreover, Fed. R. Civ. P. 41(b) permits a court to dismiss an action because of a plaintiff's failure to comply with Rule 8. A court may do this *sua sponte* "where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tucker v. U.S. Dep't Health & Human Servs.*, 645 F. App'x 136, 137 (3d Cir. 2016) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Muhammad v. U.S. Sts. Bd. of Gov. Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014). Given the disordered nature of Plaintiff's multiple pleadings and submissions, such a remedy is appropriate here.

11. Therefore, as Plaintiff's submissions fail to satisfy the requirements of Rule 8 and Plaintiff has, despite many chances, failed to remedy her submissions' deficiencies, her action is dismissed.

**Accordingly, IT IS** on this 28th day of October, 2022,

**ORDERED** that Plaintiff's Objection (ECF No. 102) to the R&R is overruled; it is further

**ORDERED** that the R&R (ECF No. 101) is hereby adopted in full; and it is further

**ORDERED** that this action is dismissed without prejudice; and it is further

**ORDERED** that, given Plaintiff is proceeding *pro se*, Plaintiff may file an amended complaint; and it is further

**ORDERED** that if Plaintiff chooses to file an amended complaint, it shall be filed within thirty (30) days from the date of this Order, and must (i) include a short and plain statement of all the facts upon which her claims are based and why she is entitled to relief; and (ii) tell the Court why it has subject matter over the case. The amended complaint will replace, not supplement, Plaintiff's earlier submissions. This means that Plaintiff must include all of the allegations upon which she bases her claims, because the Court will consider no submissions made *before* the date

5

of this Order. Any further piecemeal supplements or amendments without compliance with this Order will not be considered by this Court, and if Plaintiff does not file an amended complaint within thirty (30) days from the date of this Order, the Court may dismiss this case with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail Plaintiff a copy of this Order; and it is further

**ORDERED** that the Clerk of the Court shall close this case; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint that comports with the Court's Order, the Clerk of the Court shall re-open this matter at that time.

**SO ORDERED.**

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**